UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. JACKSON,<br><br>         Petitioner,<br><br>vs.<br><br>TWIN FALLS, IDAHO DISTRICT COURTS, TWIN FALLS COUNTY JAIL, IVY MEDICAL,<br><br>         Respondents. | Case No. 1:22-cv-00345-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Michael E. Jackson filed an Emergency Petition for Writ of Habeas Corpus that was originally filed in Washington but was transferred to this Court, which is the court of proper venue in the federal court system.

Petitioner was incarcerated in the Twin Fall County Jail in January 2021 and made essentially the same claims in this Court, with the exception that the claims arose from a different time period. In Case No. 1:21-cv-00013-BLW, *Jackson v. City of Twin Falls, et al.*, Judge B. Lynn Winmill determined that Petitioner could not bring COVID-19-related conditions of confinement claims via 28 U.S.C. § 2241, but must submit a civil rights complaint if he desired to pursue his claims. *See* Dkt. 7 in that case.

Between January 2021 and July 2022, Petitioner was released from jail and was residing in Washington. In July 2022, he was extradited from Washington to the Twin Falls

INITIAL REVIEW ORDER - 1

County Jail on a fugitive warrant for possession of methamphetamine residue in a pipe. He asserts that he contracted COVID-19 during the jail transport. As a result, he had to be hospitalized in July 2022 for COVID-19 and kidney failure.

Petitioner asserts that he is 70 years old, can barely walk, and has had several heart surgeries. However, he has not stated any particular allegations showing that he is suffering from inadequate medical care after returning to the jail in July 2022. His vague allegations that he is "under duress and afraid for his life" and that he is suffering "emotional harm and mental anguish upon acts by Ivy Medical" are not sufficient to state a claim upon which relief can be granted under habeas corpus or civil rights standards of law. Dkt. 1, p. 2. Even if he had a difficult transport trip and a COVID-19 hospitalization in his past, that does not show what harm, if any, continues to occur. Nevertheless, he requests an immediate medical discharge pending trial, placement in a medical nursing home, or a change of venue to another county in Idaho.

This Court agrees with Judge Winmill's reasoning in Petitioner's prior COVID-19 habeas corpus case regarding why a § 2241 petition is not the appropriate legal vehicle for Petitioner's claims.

The Court concludes that Petitioner cannot proceed with this action as a habeas corpus matter. He may bring his claims in a civil rights action if he desires. A civil rights complaint form is attached to this Order for Petitioner's use.

///

///

///

INITIAL REVIEW ORDER - 2

## ORDER

**IT IS ORDERED** that Petitioner's § 2241 Petition (Dkt. 1) is DENIED without prejudice to Petitioner filing a civil rights action to assert his claims.

DATED: August 18, 2022

_____
David C. Nye
Chief U.S. District Court Judge